**IN THE COURT OF APPEALS OF IOWA**

No. 16-0457
Filed May 25, 2016

**IN THE INTEREST OF M.M. AND M.M.,**
**Minor children,**

**B.R., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Cathleen J. Siebrecht of Siebrecht Law Firm, Des Moines, for appellant mother.

Thomas J. Miller, Attorney General, and Kristi A. Traynor, Assistant Attorney General, for appellee State.

M. Kathryn Miller of the Juvenile Public Defender, for minor children.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

The mother appeals the termination of her parental rights to her two children. She asserts the court improperly concluded the State established grounds to terminate her rights and the court should have granted her additional time to work towards reunification. With little progress having been made over the course of nearly two years of services, we conclude the district court properly denied the mother's request for additional time. Further, because of the mother's longstanding substance abuse and mental health problems, the district court properly terminated her parental rights pursuant to Iowa Code section 232.116(1)(f) and (h) (2015). Therefore, we affirm the order of the district court.[1]

**I. Background Facts and Procedural History.**

In February 2014, the children, M.M.-1 (born 2008) and M.M.-2 (born 2014), were exposed to a violent domestic dispute between their parents. The mother attempted to retrieve drugs from the family's vehicle by smashing in a window, spraying glass on the younger child. Due to the parents using methamphetamine and marijuana in the home, both children tested positive for the same. Criminal charges were filed. The Iowa Department of Human Services (DHS) was soon involved, and the children were removed from the home and eventually placed with the maternal grandmother, where the children have spent the majority of the time during these proceedings. In April 2014, the parents stipulated to the entry of an order adjudicating the children in need of assistance.

---

[1] The father's parental rights were terminated on September 30, 2015, and he did not appeal that order.

The record is replete with services offered to, and received by, the mother, but there has been limited success in both attendance and compliance. While the mother did make sufficient progress with drug treatment such that the children were returned to her care for nearly four months—from March to June 2015—it soon became apparent the children were not safe residing with her because she was continuing to expose the children to the father, who was still actively using illegal drugs. By October, the mother had failed a drug screen and was not compliant with the requirements of her terms of probation.

A petition to terminate the mother's parental rights came on for hearing on December 17, 2015, and the court ordered the termination by a ruling dated February 28, 2016. The mother appeals.

## II. Standard of Review.

Our review of termination-of-parental-rights proceedings is de novo. *In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010). We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). We will uphold an order terminating parental rights if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Our primary consideration is the best interests of the children. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012).

## III. Grounds for Termination.

As to M.M.-1, termination of parental rights under paragraph (f) requires the court to find the State proved by clear and convincing evidence: (1) the child is four years of age or older; (2) the child has been adjudicated in need of

assistance pursuant to section 232.96; (3) the child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months, and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102. Iowa Code § 232.116(1)(f)(1)–(4).

Similar to paragraph (f), to terminate the mother's rights to M.M.-2, under Iowa Code section 232.116(1)(h), the State must establish the child: (1) is three years old or younger, (2) has been adjudicated a child in need of assistance, (3) has been removed from the home for six of the last twelve months, and (4) cannot be returned to the parent's custody as provided in section 232.102 at the present time. Iowa Code § 232.116(1)(h)(1)–(4).

The first three elements of paragraphs (f) and (h) are not in dispute; rather, the mother only maintains the State did not prove the fourth element of each paragraph by clear and convincing evidence. To satisfy its burden of proof under the fourth element, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the child as a child in need of assistance." *See* Iowa Code § 232.102(5)(a)(2); *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988). The threat of probable harm will justify termination of parental rights, and the perceived harm need not be the one that supported the child's initial removal from the home. *See In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992).

The district court found:

> At the present time the child[ren] cannot be returned to Mother's custody as provided in Iowa Code Section 232.102 because [they] would be subjected to further adjudicatory harm as Mother has failed to reengage in substance abuse treatment since her relapse, has failed to attend mental health services to address her mental health and relationship issues, has not seen the kids in the last three weeks, and failed to provide the last requested drug screen . . . which is considered positive, does not have stable housing or employment to provide for the children's basic needs, and continues to associate with unsafe persons. Further, the Court finds Mother generally lacks credibility regarding her testimony she can provide a safe and stable environment for these children. Mother's testimony was inconsistent on several occasions.

The record supports these findings. The Family Safety, Risk, and Permanency worker testified the mother had not been complying with mental health or substance abuse treatment, had recently tested positive for illegal substances, and had missed several visits with the children in the prior few months. In addition, the worker opined the mother was not able to provide "stability and consistency" for the children. The mother admitted to years of methamphetamine use, failed a drug test in late September 2015, used marijuana and methamphetamine as recently as October 2015, attempted to manipulate a recent drug screening, and failed to comply with wearing a drug sweat patch in early December 2015.

The DHS worker testified that after nearly two years of services, the mother had not made progress such that the children would be able to avoid an adjudicatory harm if returned to her care. The same problems existed in December 2015 as they did in February 2013. While the district court did not specifically rule on the mother's request for additional time to work towards reunification, it did find it was not in the children's best interest "to suspend the crucial days of childhood while the [mother] experiments with ways to face up to

[her] own problems," citing *In re A.C.*, 415 N.W.2d 609, 613 (Iowa 1987).  We agree.

Therefore, we conclude the grounds for termination were proved by clear and convincing evidence and affirm the order of the district court.

**AFFIRMED.**